UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No. 3:00CV168-MU

| | |
|---|---|
| W. SCHLAFHORST AG & CO., SCHLAFHORTST, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SAVIO MACCHINE TESSILI S.P.A., AMERICAN SAVIO CORPORATION, <br><br> Defendants. | ANSWER AND COUNTERCLAIM OF AMERICAN SAVIO CORPORATION TO COMPLAINT OF W. SCHLAFHORST AG & CO. AND SCHLAFHORST, INC. |

Defendant American Savio Corporation ("American Savio") answers the Complaint of W. Schlafhorst AG & Co. and Schlafhorst, Inc. (collectively "Schlafhorst") as follows:

### The Parties

1. Defendant admits that Schlafhorst is in the business of designing, manufacturing and marketing textile machinery and equipment. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 and therefore denies those allegations.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore denies those allegations.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and therefore denies those allegations.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore denies those allegations.

5. Admitted.

## Jurisdiction and Venue

6. Admitted.

7. Admitted.

## Count I: Alleged Patent Infringement

8. Defendant incorporates by reference and realleges the responses and denials set forth in paragraphs 1 through 7.

9. Defendant admits that U.S. Patent 5,179,829 ("the '829 patent") issued on the date alleged to the inventors alleged and that a copy of the patent was attached to the Complaint as Exhibit A. Defendant denies that the '829 patent was duly and legally issued.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies those allegations.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and therefore denies those allegations.

12. Denied.

13. Denied.

14. Denied.

## Count II: Alleged Contributory Patent Infringement

15. Defendant incorporates by reference and realleges the responses and denials set forth in paragraphs 1 through 14.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

### Count III: Alleged Inducing Patent Infringement

20. Defendant incorporates by reference and realleges the responses and denials set forth in paragraphs 1 through 19.

21. Denied.

22. Denied.

23. (Numbered 21 in Complaint) Denied.

## FURTHER DEFENSES

### FIRST FURTHER DEFENSE

Defendant does not and has not infringed any valid and enforceable claims of U.S. Patent No. 5,179,829.

### SECOND FURTHER DEFENSE

U.S. Patent No. 5,179,829 is invalid because it fails to comply with the provisions of 35 U.S.C. § 101, et seq., including without limitation sections 102, 103, and 112.

### THIRD FURTHER DEFENSE

U.S. Patent No. 5,179,829 is unenforceable because one or both of Plaintiffs have violated the duty of disclosure owed to the United States Patent and Trademark Office and the public and have obtained the '829 patent through fraud.

### FOURTH FURTHER DEFENSE

U.S. Patent No. 5,179,829 is unenforceable because of the misuse of the '829 patent.

### FIFTH FURTHER DEFENSE

Plaintiffs are barred from recovering damages or other relief from Defendants for any alleged infringement of U.S. Patent No. 5,179,829, due to the failure of Plaintiff to give notice of infringement as required by 35 U.S.C. § 287.

### SIXTH FURTHER DEFENSE

Plaintiffs are estopped from asserting any infringement claims against Defendant.

## SEVENTH FURTHER DEFENSE

Defendant reserves the right to raise additional defenses as it discovers or otherwise learns of additional information supporting additional defenses.

## EIGHTH FURTHER DEFENSE AND COUNTERCLAIMS

Defendant American Savio ("Counterclaimant"), for its counterclaims against Plaintiffs W. Schlafhorst AG & Co. and Schlafhorst, Inc., alleges the following:

### The Parties

1.  American Savio is a corporation organized and existing under the laws of South Carolina, with a principal place of business in Spartanburg, South Carolina.

2.  American Savio is engaged in the marketing and sale of textile machines, doing business in the United States and North Carolina.

3.  Upon information and belief, W. Schlafhorst AG & Co. is a German limited partnership with a principal place of business at Blumenberger Straße 143-145, 41061 Möchengladbach, Germany.

4.  Upon information and belief, W. Schlafhorst AG & Co. is engaged in the design, development, manufacture, marketing, and sale of textile machines, and competes with American Savio.

5.  Upon information and belief, Schlafhorst Inc. is a corporation organized and existing under the laws of North Carolina with a principal place of business in Charlotte, North Carolina.

6.  Upon information and belief, Schlafhorst Inc. is engaged in the marketing and sale of textile machines, and competes with American Savio.

### Jurisdiction and Venue

7.  Through the following pleadings, American Savio presents declaratory judgment and unfair competition counterclaims against Plaintiffs. The counterclaims for declaratory judgment arise under the Declaratory Judgment Act, 28 U.S.C. § 2201 and under the Patent Laws, Title 35 of the

United States Code. Since this action arises under the Declaratory Judgment Act and the Patent Laws of the United States, this Court has original and pendent subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and 1400(b).

### First Counterclaim Count: Unfair Competition

9. Counterclaimant incorporates by reference and realleges the allegations of counterclaim paragraphs 1 through 8 and the responses, denials, defenses, and allegations set forth in paragraphs 1 through 31 of the answer.

10. Upon information and belief, on January 19, 1993, U.S. Patent No. 5,179,829 ("the '829 patent") was caused to be issued to Hans Grecksch and Frank Paetzold ("the inventors") through the control and deliberate action and inactions of one or both of the Plaintiffs.

11. Upon information and belief, W. Schlafhorst AG & Co. is the owner of the entire right, title, and interest in the '829 patent, and Schlafhorst, Inc. is the exclusive distributor of W. Schlafhorst AG & Co.

12. Upon information and belief, one or both of Plaintiffs caused the '829 patent to issue with knowledge that the claims therein were invalid under 35 U.S.C. § 101 *et seq.*, including without limitation sections 102, 103, and 112.

13. Upon information and belief, one or both of Plaintiffs knowingly and intentionally withheld material prior art and material information from the United States Patent and Trademark Office ("PTO"), to thereby defraud the PTO and obtain patent rights to which they were not entitled.

14. Upon information and belief, one or both of Plaintiffs knowingly and intentionally made material misrepresentations to the PTO, to thereby defraud the PTO and obtain patent rights to which they were not entitled.

15. Upon information and belief, Plaintiffs knowingly and intentionally have asserted infringement and associated damage claims against Defendant and have attempted to enforce the '829

patent against Defendant with no reasonable basis that Defendant infringes the '829 patent, either directly or indirectly.

16. Upon information and belief, Plaintiffs have committed acts of unfair methods of competition against American Savio, in violation of N.C. Stat. § 75-1.1 *et seq.*, by unreasonably and unfairly initiating and pursuing this lawsuit, asserting claims of infringement against American Savio, and attempting to enforce the '829 patent against American Savio, all in bad faith and for improper purposes and objectives not permitted or available under the pertinent controlling law.

17. Upon information and belief, Plaintiffs will continue to perform unfair methods of competition against American Savio unless enjoined by this Court.

18. As a result of Plaintiffs' unfair methods of competition, Counterclaimant American Savio has suffered and will continue to suffer damages and irreparable injuries, including, but not limited to, legal expenses, costs, damage to its business, and losses of assets, sales, and profits.

## Second Counterclaim Count: Declaratory Judgment of Noninfringement of United States Letters Patent Number 5,179,829

19. Counterclaimant incorporates by reference and realleges the allegations, denials, and defenses set forth in counterclaim paragraphs 1 through 18.

20. The pending litigation and disputes between Plaintiffs and Counterclaimant establish an existing and actual controversy between them regarding whether Counterclaimant infringes the '829 patent.

21. The '829 patent is not infringed by Counterclaimant, either literally or under the doctrine of equivalents. Counterclaimant is not inducing and has not induced infringement of the '829 patent. Nor has Counterclaimant contributed to the infringement of the '829 patent.

## Third Counterclaim Count: Declaratory Judgment of the Invalidity and Unforceability of United States Patent Number 5,179,829

22. Counterclaimant incorporates by reference and realleges the allegations, denials, and defenses set forth in paragraph 1 through 21.

23. The pending litigation and disputes between Plaintiffs and Counterclaimant establish an existing and actual controversy between them regarding whether the '829 patent is valid and enforceable.

24. The '829 patent is invalid.

25. The '829 patent is unenforceable.

### Prayer for Relief

**WHEREFORE,** Defendant and Counterclaimant American Savio pray that:

a. The Complaint filed by Plaintiffs be dismissed with prejudice and that all of Plaintiffs' requests for relief be denied.

b. This Court adjudge and decree that Plaintiffs have engaged in unfair methods of competition in violation of N.C. Stat. §75-1.1 *et seq.*

c. This Court enter an Order restraining Plaintiffs and their officers, agents, employees, directors, attorneys, successors and assigns, and those in active concert and/or participation with them, and each of them individually, from competing unfairly with Defendants.

d. This Court award Counterclaimant Savio America Corporation damages, increased damages, punitive damages, attorneys' fees, expenses, costs, and other appropriate relief under its unfair competition counterclaim.

e. This Court declare that American Savio Corporation has not infringed the '829 patent.

f. This Court declare that the '829 patent is invalid, void, and unenforceable.

g. This Court declare that Plaintiffs have no right to recover any relief from American Savio Corporation.

h. This Court enter an Order requiring that Plaintiffs provide a written notification to each person whom Plaintiffs and/or their attorneys or agents have contacted regarding any allegations of infringement of the '829 patent, (1) that American Savio Corporation has not and does not infringe the '829 patent, (2) that the '829 patent is invalid and unenforceable, and (3) that Plaintiffs violated the law of unfair competition by asserting infringement claims against American Savio Corporation and/or its customers.

i. This Court enter a permanent injunction enjoining Plaintiffs, their officers, agents, directors, servants, employees, subsidiaries, and assignees, and in active concert and/or those of participation with them, and each of them individually from asserting or otherwise seeking to enforce the '829 patent against American Savio Corporation.

j. this Court declare this case to be exceptional and award American Savio its attorneys fees under 35 U.S.C. § 285.

k. this Court award American Savio Corporation its costs, disbursements, and expenses.

l. This Court grant American Savio Corporation such other and further relief as the Court deems just, equitable, and proper under the law.

This 14th day of June, 2000.

                                                _____
                                                Louis A. Bledsoe, III
                                                N.C. Bar No. 12730
                                                Douglas M. Jarrell
                                                N.C. Bar No. 21138

                                                Attorneys for American Savio Corp.

                                                ROBINSON, BRADSHAW & HINSON, P.A.
                                                101 North Tryon Street, Suite 1900
                                                Charlotte, NC 28246
                                                (704) 377-2536

**OF COUNSEL:**

FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
1300 I Street N.W.
Washington, DC 20005
(202) 408-4000

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing ANSWER AND COUNTERCLAIM OF AMERICAN SAVIO CORPORATION TO COMPLAINT OF W. SCHLAFHORST AG & CO. AND SCHLAFHORST, INC. has been served upon each of the parties to this action by depositing same in the United States mail, postage prepaid, in an envelope(s) addressed as follows:

*Dalbert U. Shefte, Esq.*
*Clifford R. Jarrett, Esq.*
*Kennedy Covington Lobdell & Hickman, L.L.P.*
*100 North Tryon Street, Suite 4200*
*Charlotte, NC 28202-4006*

This 14th day of June, 2000.

_____
Douglas M. Jarrell